**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

> ELECTRONICALLY
> FILED
> Nov 30 2020
> U.S. DISTRICT COURT
> Northern District of WV

**MARK BRADLEY FOLTZ,**

>    *Plaintiff,*

**v.**                                                    CASE NO. 3:20-cv-218   **(Groh)**

**ROBERT WEBSTER FIELDS JR.,**
**TURNER TRANSPORTATION GROUP,**
**INC., and DOE DEFENDANTS 1-10,**

>    *Defendants.*

## <u>NOTICE OF REMOVAL</u>

Please take notice that Defendants Robert Webster Fields Jr. ("Mr. Fields"), by counsel, and Turner Transportation Group, Inc. ("Turner Transportation"), by counsel, (collectively, "Defendants") have removed this action from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia at Martinsburg.  In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1.     On or about August 21, 2020, and October 9, 2020, Plaintiff, Mark Bradley Foltz ("Plaintiff"), commenced this action in the Circuit Court of Berkeley County, West Virginia, a state court within this judicial district and division, by filing his Complaint with the Circuit Court styled as follows:  *Mark Bradley Foltz v. Robert Webster Fields Jr., Turner Transportation Group Inc., and Doe Defendants 1-10 (i.e. Unknown Doe Individuals, Partnerships, Corporations, Limited Liability Companies, and Other Unknown Entities of any Kind)* (Civil Action No. 20-C-

205).  As more fully explained below, the above-styled action meets all the conditions precedent for this Court to exercise diversity jurisdiction.

2.     In his Complaint, Plaintiff alleges injuries from an August 29, 2018 motor vehicle accident.  [See Compl. ¶¶ 9-11, 16-21.]  Plaintiff alleges negligence against Mr. Fields and vicarious liability against Turner Transportation and Doe Defendants 1-10.  [*Id.* at ¶¶ 15-42.]

3.     28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The original jurisdiction of this Court includes "all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

4.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed by Defendants pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

5.     A complete, certified copy of the Berkeley County Circuit Court file, including true and correct copies of all process, pleadings, and other documents filed in the state court action, is attached as **Exhibit A**.

6.     Pursuant to 28 U.S.C. § 1446(d), Defendants shall serve and provide notice of the filing of this Notice of Removal to Plaintiff.  A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Berkeley County, West Virginia, along with a Notice of Filing of Notice of Removal, a copy of which is attached as **Exhibit B**.

**COMPLETE DIVERSITY EXISTS AS TO ALL REAL PARTIES IN INTEREST**

7.    Plaintiff is a West Virginia resident.  [*See* Compl. ¶ 1.]

8.    Mr. Fields is a resident of Washington County, Maryland.  [*Id*. ¶ 2.]

9.    Turner Transportation is a foreign corporation incorporated in Maryland with its principal place of business located in Maryland.  [*Id.* ¶ 3.]

10.    Under well-settled law, Doe Defendants 1-10, since unknown and sued under fictitious names, are not considered for purposes of determining diversity of citizenship.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded.").

11.    Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

12.    Plaintiff's Complaint alleges the following damages caused by Defendants: "medical expenses in excess of $16,000.00 . . . [and] lost wages in excess of $75,000.00[.]"  [*Id.* ¶¶ 24-25.]

13.    Considering that Plaintiff's Complaint alleges in excess of $75,00.00 in lost wages and in excess of $16,000.00 in medical expenses, it is clear that all of the damages pled by Plaintiff, in their aggregate, exceed the $75,000.00 amount in controversy requirement.

**THE NOTICE OF REMOVAL IS TIMELY FILED**

14.    Pursuant to 28 U.S.C. § 1446(b)(1),

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30

days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

15. "Each defendant shall have thirty days after receipt by or service on that defendant of the initial pleading or summons described in [28 U.S.C. § 1446(b)(1)] to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

16. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because no more than thirty (30) days have passed since Defendants received service of Plaintiff's Complaint on November 2, 2020.

17. Accordingly, this Notice of Removal is timely filed and can be considered by this Court, pursuant to 28 U.S.C. § 1446(b)(1) and (2)(B).

## COMPLIANCE WITH 28 U.S.C. § 1446

18. Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff promptly after filing the same, as required by 28 U.S.C. § 1446.

19. Defendants consent in this Notice of Removal.

20. Defendants will file a true and correct copy of this Notice of Removal with the Circuit Court of Berkeley County, West Virginia, as required by 28 U.S.C. § 1446.

21. This Notice of Removal is signed pursuant to 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the entire action be removed from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia at Martinsburg.

DATED the 30th day of November 2020.

**DEFENDANTS**
**Robert Webster Fields Jr. and**
**Turner Transportation Group, Inc.**
**By Counsel**

*/s/ Joseph L. Caltrider*

**Joseph L. Caltrider   WVSB #6870**
**Joshua A. Lanham WVSB #13218**
**BOWLES RICE LLP**
**Post Office Box 1419**
**Martinsburg, West Virginia 25402-1419**
**jcaltrider@bowlesrice.com**
**(304) 264-4214**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**MARK BRADLEY FOLTZ,**

       *Plaintiff,*

**v.**                                                                  **CASE NO. _____ (Groh)**

**ROBERT WEBSTER FIELDS JR.,**
**TURNER TRANSPORTATION GROUP,**
**INC., and DOE DEFENDANTS 1-10,**

       *Defendants.*

**<u>CERTIFICATE OF SERVICE</u>**

       I certify that I electronically filed the foregoing NOTICE OF REMOVAL with the

Clerk of the Court on **November 30, 2020,** using the CM/ECF system which will send notice to

counsel of record.  I further certify that I served the foregoing NOTICE OF REMOVAL upon all

counsel of record on **November 30, 2020,** by placing a true and correct copy in the United States

Mail, first class, postage pre-paid, at the following address:

       **Ronald M. Harman, Esq.  WVSB #6040**
       **Mark Jenkinson, Esq.  WVSB #5215**
       **Burke, Schultz, Harman & Jenkinson**
       **Post OfficeBox 1938**
       **Martinsburg, West Virginia 25402-1938**
       *Counsel for Plaintiff*

       */s/ Joseph L. Caltrider*
       _____
       Joseph L. Caltrider  WVSB #6870